NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

| | | |
|---|---|---|
| DION E. X-SAVAGE, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 10-165-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| ERIC D. WILSON, Warden, | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

\*\*\*\*\*  \*\*\*\*\*  \*\*\*\*\*  \*\*\*\*\*

Petitioner Dion Eric X-Savage, who also has a litigation history under the last name of "Savage," is currently confined in the United States Penitentiary-McCreary ("USP-McCreary") located in Pine Knot, Kentucky. He has filed the instant *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, and has paid the filing fee. Having reviewed the Petition,[1] the Court must deny relief because X-Savage's claim is not cognizable in a § 2241 petition for a writ of habeas corpus.

## I.

The facts of the Petitioner's conviction, sentence, and challenges to both in the federal courts have been fully set out in detail in previous orders. It is sufficient for today's purposes to present only the basic facts detailed previously in *X-Savage v. Wilson*, E.D. Ky. 09-428-GFVT,

---

[1] The Court conducts a preliminary review of habeas corpus petitions. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, at \*1 (6th Cir. October 22, 2002). Because the petitioner is not represented by an attorney, the petition is reviewed under a more lenient standard. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). At this stage the Court accepts the petitioner's factual allegations as true and his legal claims are liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). Once that review is complete, the Court may deny the petition if it concludes that it fails to establish grounds for relief, or otherwise it may make such disposition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

as follows:

> Following a jury trial in the United States District Court for the Eastern District of Michigan in 1997, a jury convicted Savage of engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848, conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(l) & 846, and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). *See United States of America v. Dion Eric Savage*, 2:95-CR-50061 (E.D. Mich.) ("the Trial Court"). Savage was sentenced to life imprisonment for the continuing criminal enterprise conviction and ten years of imprisonment for the firearm conviction....
>
> The Sixth Circuit . . . affirmed his continuing criminal enterprise and firearm convictions. *United States v. Simpson*, No. 97-2305, etc., 1999 WL 777348 (6th Cir. Sept. 21, 1999). ... Savage moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The Trial Court vacated his firearms conviction and denied his motion on all other grounds. The Sixth Circuit affirmed .... *Savage v. United States*, 25 Fed. Appx. 280 (6th Cir. 2001). Thereafter, Savage filed numerous other post-conviction motions in the Trial Court, all of which were denied.
>
> On December 22, 2005, Savage filed a § 2241 habeas corpus petition in this Court. *See Savage v. Hastings*, No. 7:05-00403 (E.D. Ky.). On March 9, 2006, the Court denied his § 2241 habeas corpus petition, finding that under the law of this circuit, Savage had not established that his relief in the Trial Court, via § 2255, had been inadequate or ineffective to challenge his conviction and sentence. . . . The Sixth Circuit affirmed, concluding that Savage had established neither that he was actually innocent of the crimes for which he was convicted, nor that an intervening statutory interpretation had rendered non-criminal the conduct for which he had been convicted. *See Savage v. Hastings*, Nos. 06-5599 and 06-5600 (6th Cir. October 27, 2006) (unpublished).

*Id.*, D.E. 7 at 3-5. This Court also traced the Petitioner's later efforts over the ensuing years, Savage/X-Savage's filing additional Section 2255 – and other – motions in the trial court, as well as submitting additional collateral challenges in this Court, pursuant to Section 2241.

This is the latest of several Section 2241 proceedings which the Petitioner has filed in this Court. In this case he asks the Court,

> in light of the landmark decision in <u>United States v. O'Brien</u>, 560 U.S. \_\_\_\_ (2010), to vacate my unconstitutional 848(b) mandatory minimum life sentence and resentence me under 21 U.S.C. 848(a), the conviction I was indicted and

2

>convicted under, because I am "actually innocent" of the 848(b) substantive offense.

[R. 2. at p. 1.] Petitioner analogizes his mandatory minimum sentence under 21 U.S.C. § 848(a), to O'Brien's mandatory minimum under 18 U.S.C. 924(c)(1)1(A)(i) and then claims that, like O'Brien, he is entitled to have his sentence vacated.

X-Savage attaches to his Petition a copy of the Second Superceding Indictment in *United States v. Dion Eric Savage*, E.D. Mich. No. 95-CR-50061 and excerpts from a transcript of his October 21, 1997 sentencing hearing in that case. In light of the exhibits, showing the offenses for which he was indicted and the trial court's enhancement of his sentence at sentencing without a finding by a jury, the Petitioner this time asks this Court to vacate

> my mandatory minimum "draconain life sentence" under 848(b) and impose a Guideline sentence in accord with the 848(b) offense, for which I was convicted of, or in the alternative, vacate the mandatory life sentence under 848(b) and impose a life sentence under the Guidelines....

[R. 2 at 8.]

## II.

As the Petitioner has been told before, a federal prisoner must challenge the legality of his conviction or sentence by filing a post-conviction motion under 28 U.S.C. § 2255 with the trial court. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). A federal prisoner may file a habeas corpus petition under Section 2241 only to challenge a decision by prison officials which affects the manner in which his sentence is being carried out, such as the computation of sentence credits or parole eligibility. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999).

Section 2255(e) provides a narrow exception to this rule, and permits a prisoner to challenge the legality of his conviction through a Section 2241 petition, where his or her remedy

3

under Section 2255 "is inadequate or ineffective" to test the legality of his detention. The only circumstance where a prisoner may take advantage of this provision is where, after his or her conviction has become final, the Supreme Court re-interprets the terms of the statute which the petitioner was convicted of violating in such a way that petitioner's actions did not violate the statute. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003) ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241."); *Lott v. Davis*, 2004 WL 1447645, *2 (6th Cir. 2004) (unpublished disposition).

In citing to the Supreme Court's *O'Brien* decision, the Petitioner is apparently claiming that the change in the law announced therein is equally applicable to his conviction, such that he somehow now stands actually innocent of the criminal enterprise of which he was convicted. However, *United States v. O'Brien*, ____ U.S. ____, 130 S.Ct. 2169 (May 24, 2010), does not define the crime under the statute under which X-Savage was convicted, *i.e.*, 21 U.S.C. § 848(a).

Most importantly, the instant Petitioner is not challenging the validity of his conviction, but only the sentence imposed; and a challenge to only the sentence does not fall within the reach of the savings clause. *See Talbott v. Holencik*, No. 08-619, 2009 WL 322107, at *6-7 (C.D. Cal. Feb. 5, 2009) ("Under the savings clause, however, Petitioner must demonstrate that he is factually innocent of the crime for which he has been convicted, not the sentence imposed."); *United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008) (federal courts "ha[ve] . . . not extended the reach of the savings clause to those petitioners challenging only their sentence."); *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001 (vacating habeas relief where petitioners "do not argue innocence but instead challenge their sentences. Courts have

4

generally declined to collaterally review sentences that fall within the statutory maximum").

Because X-Savage's claim, even if meritorious, does not indicate that he was convicted of conduct "that the law does not make criminal" in light of a Supreme Court decision handed down after his direct appeal or first collateral attack on his conviction, it is not cognizable in a habeas corpus proceeding under Section 2241. *Bousley v. United States*, 523 U.S. 614, 620 (1998).

### III.

Accordingly, as the Petitioner has failed to state a claim cognizable through a habeas corpus petition pursuant to 28 U.S.C. § 2241, **IT IS ORDERED** that

1. Petitioner Dion X-Savage's petition for writ of habeas corpus [R. 2] is **DENIED**;

2. This action shall be **DISMISSED** and **STRICKEN** from the active docket; and

3. Judgment shall be entered contemporaneously with this Order in favor of Eric Wilson, the named Respondent.

This the 10th day of August, 2010.



Signed By:
*Gregory F. Van Tatenhove*
United States District Judge